IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW DRAGOTTA ) | |
| individually and on behalf of all others ) | |
| similarly situated ) | 2:09-cv-627 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| WEST VIEW SAVINGS BANK ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

Presently before the Court for disposition is PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S AUGUST 24, 2009, OPINION AND ORDER DISMISSING THIS ACTION PURSUANT TO FED.R.CIV.P. 12(b)(6) (Document number 15), the DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S AUGUST 24, 2009 OPINION AND ORDER DISMISSING THIS ACTION PURSUANT TO FED.R.CIV.P. 12(b)(6)( Document No. 17), and the REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION filed by Plaintiff (Document No. 18).

Plaintiff requests that the Court reconsider its Memorandum Opinion and Order of August 24, 2009, in which it granted Defendant's Motion to Dismiss and dismissed Plaintiff's Complaint.  The Court finds and rules that Plaintiff has presented no extraordinary circumstances or arguments which meet the high standard required to justify reconsideration.

Generally, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has

become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986). Plaintiff argues that reconsideration is proper because the ruling was premised upon a procedural mistake, namely that the Court improperly considered an affirmative defense, which Plaintiff contends cannot be considered within the context of a Rule 12(b)(6) motion. The Court finds both these arguments to be without merit.

Defendant's motion to dismiss challenged the legal sufficiency of the Complaint. The Court accepted as true all well-pleaded facts and allegations of the Complaint, and drew all reasonable inferences therefrom in favor of Plaintiff. However, as the United States Supreme Court has made clear, the factual allegations included in a complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007)(citations omitted)[1]. Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when a plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant has acted unlawfully. *Id.* Satisfying this plausibility standard requires more than suggesting the sheer possibility that a defendant acted unlawfully. "Where a complaint pleads facts that are merely

---

[1] Recently, the United States Supreme Court reaffirmed *Twombly* in *Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937 (2009), and expressly extended the *Twombly* pleading standard to matters beyond the realm of antitrust law.

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (*citing Twombly*, 550 U.S. at 557, 127 S.Ct. 1955)(internal quotation marks omitted).

Two principles underlie the decisions in both *Twombly* and *Iqbal*. The first principle is the tenet that while a court must accept as true all factual allegations contained in a complaint, it does not have to accept either legal conclusions or conclusory statements. *Id.* In illustration of this point, the Court noted that while Rule 8 "makes a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S.Ct. at 1950. The second principle is that only a plausible claim for relief survives a motion to dismiss. *Id.* More importantly, determining whether a complaint states a plausible claim for relief is a context - specific task that requires a court to draw upon its judicial experience and common sense. *Id.*

The Court determined that Plaintiff failed to plead sufficient facts to state a plausible claim of relief. As previously noted, the facts underpinning Plaintiff's claim are straightforward and not contested. On or about May 18, 2009, Plaintiff made an electronic fund transfer at Defendant's Automated Teller Machine ("ATM") machine located at 20531 Perry Highway in Cranberry Township, PA. *See generally*, Complaint, Doc. # 1. At the time of the transaction, Plaintiff did not maintain an account with Defendant. *Id.* Plaintiff was charged a "terminal owner fee" of $2.00 for the transaction. At the time of the transaction, there was no notice posted "on or at" the Defendant's ATM to apprise consumers that a fee would be charged for the use of the ATM. *Id.* Plaintiff did not plead, however, that Defendant was a member bank of the Federal Reserve system, Plaintiff did not plead that Defendant failed to provide him with notice

on the screen of the ATM that a fee would be imposed and the amount of any such fee, and Plaintiff did not plead that he was not afforded the opportunity to elect not to continue the transaction before any fee was imposed.  For these reasons, and as explained more fully in the August 24, 2009, Memorandum Opinion and Order, the facts pled simply do not state a plausible claim for relief under the Electronic Funds Transfer Act ("EFTA") against a state-chartered bank that is not a member bank of the Federal Reserve system.

One point bears elaboration, however.  The Federal Deposit Insurance Corporation ("FDIC") Compliance Examination Handbook referenced in the August 24, 2009, Memorandum Opinion and Order was revised in June 2009, a point noted by Plaintiff in his reply brief (Doc. # 18).  Prior to that revision, the June 2006 Compliance Examination Handbook was in effect, and was the operative Handbook at the time of the transaction complained of in the Complaint.  Likewise, at the time of this Court's Opinion, the June 2006 Handbook was the verison of the handbook accessible via the FDIC website.  The link included in the Court's Opinion is no longer active, and the only version now available online, understandably so, is the June 2009 revised Handbook.  In the interest of making a complete record, Part VI of the June 2006 Handbook, that section specifically devoted to compliance with the requirements of the EFTA and material to this Court's decision, is appended hereto as Appendix A.

Plaintiff correctly notes that under the clear language of the revised Handbook, an ATM operator is now expressly required to provide both notice "on or at the machine" and "on the screen".  Gone is any suggestion by the FDIC that compliance can be effectuated by using one of either types of the two notices as acceptable alternatives.  This revision, however, does not change the Court's decision.  The section within the EFTA, which describes the good faith

compliance with any rule, regulation, or interpretation, 15 U.S.C. § 1693m(d), notes that no liability is imposed in cases of good faith compliance "notwithstanding that after such act, omission, or failure has occurred, such rule, regulation, approval, or model clause is amended, rescinded, or determined by judicial or other authority to be invalid for any reason." Accordingly, the revisions to the Compliance Handbook, effective in the month following the transaction at issue here, have no impact on the Court's decision.

In sum, the Court finds that Plaintiff continues to advance the same arguments that it made in opposing the motion to dismiss. Said arguments were previously given due consideration, but not credited by this Court. Motions for reconsideration are not designed to provide litigants with a second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Therefore, the Court finds that the arguments raised in the instant motion do not warrant further analytical discussion.

**AND NOW**, this 16th day of October, 2009, it is hereby **ORDERED** that PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S AUGUST 24, 2009, OPINION AND ORDER DISMISSING THIS ACTION PURSUANT TO FED.R.CIV.P. 12(b)(6) filed by Matthew Dragotta is **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:   R. Bruce Carlson, Esquire
      Email: bcarlson@carlsonlynch.com
      Gary F. Lynch
      Email: glynch@carlsonlynch.com

      Dorothy A. Davis, Esquire
      Email: ddavis@eckertseamans.com
      April M. Hincy, Esquire
      Email: ahincy@eckertseamans.com